IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Vincent Davenport, Jr., | ) | C/A No.: 1:10-2515-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Earl Hood, Nurse Woody Stubbs, and Dr. Bush, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

      Plaintiff filed this action, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Marlboro County Detention Center. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.).

      Defendants Bush and Stubbs filed a motion for summary judgment on January 31, 2011.[1] [Entry #26]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 1, 2011, advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. [Entry #27]. The *Roseboro* order was returned to the Clerk of Court's office via United States Postal Service on February 15, 2011, marked "Return to Sender" and

---

[1] Defendant Hood filed a motion for summary judgment on February 15, 2011. [Entry #32]. A *Roseboro* order for that motion is being sent today to Plaintiff's address of record, but will likely be returned as was the prior *Roseboro* order to this address. However, if the district judge accepts this recommendation, Hood's motion for summary judgment will be moot.

"No Longer At This Address." [Entry #30]. Plaintiff was previously directed by order of this court to keep the court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.
>
> Put this Order with your own record of this case so that you will not overlook your duty.
>
> If your address changes in the future, you must provide the Court with your *own* new address.

[Entry #8] (emphasis in original). Plaintiff has failed to comply with this order, and as a result, the court has no means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to Plaintiff in the court's order [Entry #8], it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

If Plaintiff notifies the court within the time set for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this

file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

February 16, 2011  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**